UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,

v.

GEOFFREY SHAPIRO.

No. 3:20-cr-45 (VAB)

**RULING AND ORDER ON MOTIONS IN LIMINE**

Geoffrey Shapiro ("Mr. Shapiro" or "Defendant") has been charged in a two-count indictment alleging that Mr. Shapiro engaged in interference with commerce by robbery in violation of 18 U.S.C. § 1951 and bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). *See* Indictment, ECF No. 1 (Mar. 10, 2020) ("Indictment").

In advance of trial, Mr. Shapiro and the United States of America (the "Government") have filed various motions *in limine*. *See* Def's Mot. in Lim. To Exclude Recordings of Police Station Interviews and Statements Made Therein, ECF No. 152 (Sept. 30, 2024); Def's Sealed Mot. in Lim. To Exclude Recordings of Police Station Interviews and Statements Made Therein, ECF No. 154 (Sept. 30, 2024) ("Def's Mot. in Lim."); Gov't's Mot. in Lim. to Exempt Case Agent from Sequestration, ECF No. 158 (Oct. 3, 2024) ("Case Agent Mot."); Gov't's Mot. in Lim. re certain evidence and arguments of conditions, ECF No. 160 (Oct. 4, 2024) ("Mental Conditions Mot.").

For the following reasons, Mr. Shapiro's motion *in limine* to exclude recordings of his police station interviews and statements made therein, ECF No. 152 and 154, is **DENIED** as moot without prejudice to renewal.

The Government's motion *in limine* to exclude evidence and arguments of Mr. Shapiro's conditions is **DENIED** as moot without prejudice to renewal at trial.

The Government's motion *in limine* to exempt FBI Special Agent Lisa MacNamara from sequestration **is DENIED** as moot, however, the Government's motion to sequester defense witnesses not exempted under Rule 615 is **GRANTED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Given the significant length of this litigation, the Court assumes familiarity with the factual and procedural history of the case and includes only events relevant to the motions *in limine*. *See* Ruling on Mot. to Suppress., ECF No. 132 (Jul. 23, 2024) ("Mot. to Suppress Order").

On February 6, 2024, Mr. Shapiro, through counsel, filed a motion to suppress, *see* Mot. to Suppress, ECF No. 93 (Feb. 6, 2024), that the Government opposed. *See* Gov't Opp'n to Mot. to Suppress, ECF No. 100 (Feb. 27, 2024).

On April 24, 2024 the Court held an evidentiary hearing, *see* Min. Entry, ECF No. 111 (Apr. 24, 2024), and the parties later submitted additional briefings. *See* Post-Hearing Mem. in Supp. of Mot. to Suppress, ECF No. 121 (May 28, 2024); Gov't Post-Hearing Opp'n Mem., ECF No. 128 (Jun. 18, 2024); Post-Hearing Reply Mem. in Supp. of Mot. to Suppress, ECF No. 129 (Jun. 25, 2024); Gov't Mot. for Leave to File a Sur-Reply, ECF No. 130 (Jun. 26, 2024).

On July 23, 2024, the Court issued a ruling denying Mr. Shapiro's motion to suppress evidence seized during and after his arrest and denying without prejudice to renewal Mr. Shapiro's post-arrest statements during his interview with law enforcement officers should the Government choose to rely on this evidence at trial. Mot. to Suppress Order at 2. In that Order, the Court expressed its "serious doubts about the voluntariness of any statements or confessions made on the night of February 21, 2020," and noted that "[t]he totality of these circumstances—

law enforcement officers continuing to interrogate Mr. Shapiro without counsel, despite their knowledge of Mr. Shapiro's mental health conditions; his unmedicated state; his attempts to end the questioning; and his clear descriptions of active auditory hallucinations during the interrogation—indicate that Mr. Shapiro's admissions may not have been the result of 'a free and voluntary act.'" *Id.* at 24.

On September 30, 2024, Mr. Shapiro filed a motion *in limine* to exclude recordings of and statements made during his post-arrest interviews on February 21, 2020 and February 22, 2020. Def's Mot. in Lim.

On October 3, 2024, the Government filed a motion *in limine* to exempt FBI Special Agent Lisa MacNamara ("Special Agent MacNamara") from sequestration. Case Agent Mot.

On October 4, 2024, the Government filed a motion *in limine* to preclude Mr. Shapiro from asserting any defenses and raising arguments or evidence regarding any mental conditions. Mental Conditions Mot.

On October 7, 2024, Mr. Shapiro filed a response opposing to the Government's motion *in limine* to preclude any evidence of his mental conditions. Def's Resp. to Mot. in Lim. To Preclude Certain Defenses and Argument Regarding Mental Conditions, ECF No. 161 (Oct. 7, 2024); Def's Sealed Resp. to Mot. in Lim. To Preclude Certain Defenses and Argument Regarding Mental Conditions, ECF No. 163 (Oct. 7, 2024) ("Def's Resp. to Mental Conditions Mot.").

On October 8, 2024, Mr. Shapiro filed a response the Government's motion *in limine* to exempt Special Agent MacNamara from sequestration contending that such motion would be moot should the Court grant his motion *in limine*, but providing limited consent to exempting Special Agent MacNamara from sequestration should the Court deny his motion *in limine*. Def's

3

Resp. to Mot. in Lim. to Exempt Case Agent from Sequestration, ECF No. 164 (Oct. 8, 2024) ("Def's Resp. to Case Agent Mot.").

On October 28, 2024, the Government filed a response to Mr. Shapiro's motion *in limine* to exclude his post-arrest statements. Resp. to Mot in Lim. re Post-Arrest Statements ECF No. 168 (Oct. 28, 2024) ("Gov't's Opp'n").

## II.   STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4).

A court should exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III.   DISCUSSION

Mr. Shapiro moves to prevent the Government from offering at trial his post-arrest statements made during his interviews on February 21, 2020 and February 22, 2020.

The Government seeks to both exempt Special Agent MacNamara from sequestration at trial, and to prevent Mr. Shapiro from asserting defenses and raising arguments or evidence regarding his mental health conditions.

The Court will address each issue in turn.

### A. Post-Arrest Statements

In its prior ruling, this Court set forth the following explanation of a Defendant's rights under the Fifth Amendment and the admissibility of statements a Defendant makes under arrest:

> "The Fifth Amendment guarantees the right against self-incrimination." *Hernandez v. McIntosh*, No. 22-CV-2266 (CM) (RWL), 2023 WL 6566817, at *15 (S.D.N.Y. Oct. 10, 2023) *report and recommendation adopted*, No. 22 CV 2266 (CM), 2024 WL 2959688 (S.D.N.Y. June 11, 2024) (citing U.S. Const. amend. V). Under the Fifth Amendment, involuntary confessions that are the product of mental or physical coercion are not admissible, regardless of the probable falsity or truth of the confession. *See Blackburn v. Alabama*, 361 U.S. 199, 205–06 (1960); *Rogers v. Richmond*, 365 U.S. 534, 543–45 (1961). "A confession is not voluntary when obtained under circumstances that overbear the defendant's will at the time it is given." *United States v. Anderson*, 929 F.2d 96, 99 (2d Cir. 1991) (citation omitted). In determining whether a confession was voluntary, the Court should examine "the totality of all surrounding circumstances, including the accused's characteristics, the conditions of interrogation, and the conduct of law enforcement officials." *Id.*; *see also Green v. Scully*, 850 F.2d 894, 901–02 (2d Cir. 1988) ("There is only one guide—the totality of the circumstances rule. No single criterion controls whether an accused's confession is voluntary . . . ." (citations omitted)). The Government must prove that a confession is voluntary by a preponderance of the evidence. *Colorado v. Connelly*, 479 U.S. 157, 168 (1986).
> Under the Fifth Amendment, criminal defendants are also entitled to warnings about their right not to incriminate themselves. *Miranda v. Arizona*, 384 U.S. 467–74 (1966). "An interaction between law enforcement officials and an individual generally triggers *Miranda*'s prophylactic warnings" when it "becomes a 'custodial interrogation.'" *United States v. FNU LNU*, 653 F.3d 144, 148 (2d Cir. 2011). Defendants subject to custodial interrogation can waive their *Miranda* rights "provided [that] the waiver is made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444. A waiver is voluntary if "it was the product of a free and deliberate choice, rather than intimidation, coercion, or deception" and if the defendant had "full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).
> "It is the Government's burden to demonstrate that a waiver was knowing and voluntary." *Hernandez*, 2023 WL 6566817, at *16 (citing *Berghius v. Thompkins*, 560 U.S. 370, 383–84 (2010)). "The question of waiver must be determined on the particular facts and circumstances surrounding [the] case, including the background, experience,

5

> and conduct of the accused." *United States v. Plugh*, 648 F.3d 118, 127 (2d Cir. 2011) (quoting *United States v. Spencer*, 995 F.2d 10, 11 (2d Cir. 1983) (per curiam)).
>
> Importantly, "[e]ven if a confession is given voluntarily, it may nonetheless be inadmissible if a person lacks the mental capacity to waive knowingly and intelligently." *Hernandez*, 2023 WL 6566817, at *27. Yet, "[a] waiver of the right to remain silent is not invalid merely because a defendant is of limited mental capacity." *Toste v. Lopes*, 861 F.2d 782, 783 (2d Cir. 1988), *cert. denied*, 490 U.S. 1112 (1989) (finding that petitioner waived his *Miranda* rights "[d]espite his low intelligence"); *United States v. Male Juvenile*, 121 F.3d 34, 40 (2d Cir. 1997) ("[t]he evidence of defendant's disabilities does not show that defendant was so incompetent that he was not aware both of the nature of the right being abandoned and the consequences of the decision to abandon it" (internal quotation marks omitted)).

Mot. to Suppress Order at 21–23.

Mr. Shapiro argues that "considering the totality of the circumstances, Mr. Shapiro's statements on the night of February 21, 2020, were involuntary" and "[f]or the same reasons, this Court should also find his statements the next day were involuntary." Def's Mot. in Lim. at 3.

In response, the Government argues that Mr. Shapiro's "post-arrest statements are admissible as party opponent admissions and that the statements were knowing and voluntary." Gov't's Opp'n at 1. The Government, however, claims "it does not intend to offer the defendant's admissions in its case in chief," though it "reserves the opportunity to change its position based on cross examination by the defendant or in a rebuttal case or if the Court rules adversely on the Government's Motion in Limine re: certain evidence and arguments." *Id.*

Because the Government represents that it does not intend to offer Mr. Shapiro's post-arrest statements, the Court will deny the motion as moot Mr. Shapiro's motion *in limine* without prejudice to renewal, if the Government seeks to introduce his post-arrest statements at trial.

The Court, however, reiterates its serious concerns regarding the voluntariness of Mr. Shapiro's February 21, 2020 statements described in its prior Order[1]:

---

[1] As discussed above, the Court denied the motion to suppress Mr. Shapiro's post-arrest statements without prejudice to renewal. In so doing, the Court noted that "the Government has expressed opposition to Mr. Shapiro's involuntariness arguments but has not briefed the issues." Mot. to Suppress Order at 21 n.2.

6

> At the time of Mr. Shapiro's interrogation, law enforcement officers were aware that he had been diagnosed with schizophrenia but had not been taking his medication. Tr. 77:10–14. They nonetheless proceeded to interrogate him without counsel for ninety minutes, continuing to ask questions even after he had indicated that he did not want to answer. Mem. at 4. At the hearing, Detective Brander admitted that, during the interview, there were clear indications of Mr. Shapiro's mental illness. Tr. 77:16–18. For example, during the interview, Mr. Shapiro stated, "There's people that are harassing me, but I don't see them. It's like they're talking behind my back a lot. It would make me look crazy if I said everywhere I go there's voices." Tr. 77:20–23.
>
> Mr. Shapiro has moved to suppress post-arrest statements made during his interrogation with Detective Brander and FBI Special Agent MacNamara under the Fifth Amendment. Mot. to Suppress at 1. Mr. Shapiro emphasizes that, although the officers administered *Miranda* warnings, such warnings cannot act as a "cure-all" or render voluntary otherwise unconstitutional confessions. *Id.* at 10.
>
> Based on the present record, the Court agrees, although it will not resolve this issue definitively, unless the Government chooses to rely on this evidence at trial. If so, Mr. Shapiro may renew his motion to suppress any post-arrest statements.
>
> At this time, given the Court's understanding of Mr. Shapiro's mental state before and during the interrogation, the Court has serious doubts about the voluntariness of any statements or confessions made on the night of February 21, 2020. The totality of these circumstances—law enforcement officers continuing to interrogate Mr. Shapiro without counsel, despite their knowledge of Mr. Shapiro's mental health conditions; his unmedicated state; his attempts to end the questioning; and his clear descriptions of active auditory hallucinations during the interrogation—indicate that Mr. Shapiro's admissions may not have been the result of "a free and voluntary act." *See Green*, 850 F.2d at 902 ("a single factor or a combination of factors considered together may inevitably lead to a conclusion that under the totality of circumstances a suspect's will was overborne and the confession was not therefore a free and voluntary act").

Mot. to Suppress Order at 23–25.

In addition, while not addressed in its prior Order, the Court finds that these same concerns extend to Mr. Shapiro's February 22, 2020 statements.

On February 22, 2020, just as on February 21, 2020, law enforcement officers, again, "interrogate[d] Mr. Shapiro without counsel, despite their knowledge of Mr. Shapiro's mental health conditions; his unmedicated state; his attempts to end the questioning; and his clear descriptions of active auditory hallucinations during the interrogation." Mot. to Suppress Order at 24. The defense has represented, and the Government does not dispute, that during the February 22, 2020 interrogation, Mr. Shapiro "had not yet spoken to a lawyer" and "was still

7

unmedicated." Def's Mot. in Lim. at 7. Additionally, "minutes into the renewed interrogation, Mr. Shapiro had referenced the same auditory hallucinations he had referenced the night prior." *Id.* Thus, the same concerns regarding the voluntariness of Mr. Shapiro's February 21, 2020 statements remained at the time of his February 22, 2020 interrogation.

### B. Mental Conditions

The District of Connecticut's Standing Order on Discovery requires that "[w]ithin 14 days after the attorney for the government provides [initial disclosure]," the Defendant must notify the Government if "the nature of the defense is . . . insanity, mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt," and provide the Government with "results or reports of any . . . mental examinations . . ., if the defendant intends to use the item in the defendant's case-in-chief at trial, or intends to call the witness who prepared the report and the report relates to the witness's testimony" D. Conn. L. Crim. P. App'x ¶ (B)(1)(a) and (b)(ii).

In addition, under Federal Rule of Criminal Procedure 12.2(b), "[i]f a defendant intends to introduce expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on . . . the issue of guilt. . . , the defendant must—within the time provided for filing a pretrial motion or at any later time the court sets—notify an attorney for the government in writing of this intention and file a copy of the notice with the clerk." Fed. R. Crim. P. 12.2(b).

The Government has moved to preclude Mr. Shapiro from "raising any defenses, arguments, and evidence during trial regarding any mental disease, defect, or condition." Mental Conditions Mot. at 1.

8

In response, Mr. Shapiro states that he "does not intend to rely upon a defense of insanity or argue his mental condition was inconsistent with the mental state required for the offenses charged[, n]or does he intend to present expert testimony related to either issue." Def's Resp. to Mental Conditions Mot. at 2. Mr. Shapiro argues, however, that "[s]hould the Court deny Mr. Shapiro's motion to exclude recordings and statements from interrogations of Mr. Shapiro dated February 21, 2020, and February 22, 2020. . . [he] would be entitled to challenge both the credibility and voluntariness of his inculpatory statements." *Id.*

The parties do not dispute that, under both this District's Local Rules and the Federal Rules of Criminal Procedure, Mr. Shapiro may not assert his mental conditions as a defense in this case. Def's Resp. to Mental Conditions Mot. at 2.

To the extent that the Government seeks to exclude any mention of Mr. Shapiro's mental condition for any other purpose, however, the Court is inclined to agree that the motion is overbroad, as Mr. Shapiro's mental condition is relevant to the issue of whether his post-arrest confession was voluntary. *See Anderson*, 929 F.2d at 99 ("A confession is not voluntary when obtained under circumstances that overbear the defendant's will at the time it is given." (citation omitted)); *Colorado v. Connelly*, 479 U.S. 157, 165 (1986) ("[M]ental condition is surely relevant to an individual's susceptibility to police coercion," though "mere examination of the confessant's state of mind can never conclude the due process inquiry."); *Hernandez*, 2023 WL 6566817, at *27 ("Even if a confession is given voluntarily, it may nonetheless be inadmissible if a person lacks the mental capacity to waive knowingly and intelligently.").

As discussed above, however, the Government has indicated that it does not intend to introduce Mr. Shapiro's post-arrest statements. Gov't's Opp'n at 1.

Accordingly, the Government's motion to preclude Mr. Shapiro from raising any defenses, arguments, and evidence regarding his mental conditions is denied as moot with prejudice to renewal at trial, when the Court can evaluate the admissibility of such evidence in context. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) ("[C]ourts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context." (internal citation omitted)).

### C. Exemption from Sequestration

Federal Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Rule 615, however, does not authorize exclusion of a "person whose presence a party shows to be essential to presenting the party's claim or defense," or a person authorized by statute to be present. Fed. R. Evid. 615(a)(1), (3), (4).

The Second Circuit has held that district courts have "discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an exemption is proper under Rule 615(2), deeming the agent-witness a 'representative' of the government." *U.S. v. Rivera*, 971 F.2d 876, 889 (2d Cir. 1992) (citations omitted). "Since the chief investigating agent may be of significant help to the prosecution during the course of a trial, the trial court has discretion to make an exception to the general rule of sequestration of witnesses in his case." *U.S. v. Pellegrino*, 470 F.2d 1205, 1208 (2d Cir. 1972); *see also U.S. v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) ("[T]he district court has 'discretion to exempt the government's chief investigative agent from sequestration, and it is well settled that such an exemption is proper under Rule 615[b], deeming the agent–witness a 'representative' of the government.'" (quoting *Rivera*, 971 F.2d at 889) (alteration in original)).

The Government has moved to exempt Special Agent MacNamara from sequestration, noting that Special Agent MacNamara's "presence throughout the trial is critical" and that "[b]ecause she will only testify as to the defendant's post-arrest statements, there is little to no risk that she will tailor her testimony in any way." Case Agent Mot. at 2–3.

The Government also "requests that any defense witnesses be sequestered from the courtroom before their testimony unless they meet an exception to sequestration under Rule 615." *Id.* at 3.

In response, Mr. Shapiro argues that "[i]f the Court grants Mr. Shapiro's motion and excludes evidence related to Mr. Shapiro's post-arrest statements, the government's motion to exempt Special Agent MacNamara from sequestration will be moot, because Special Agent MacNamara will not be a testifying witness." Def's Resp. to Case Agent Mot. at 2–3.

The Government has indicated that Special Agent MacNamara will only be called to testify regarding Mr. Shapiro's post-arrest statements, Case Agent Mot. at 3, and that it does not intend to introduce such statements in its case in chief. Gov't Opp'n at 1.

Accordingly, because Special Agent MacNamara is no longer a testifying witness, and need not be sequestered under Rule 615 or exempted from sequestration, the Court will deny as moot the Government's request to exempt Special Agent MacNamara from sequestration without prejudice to renewal.

In the absence of any objections to the Government's request to sequester the defense's witnesses, however, the Court will grant the Government's request to sequester defense witnesses unless an exception under Rule 615 applies. *See* Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."); *see also Geders v. United States*, 425 U.S. 80, 87 (1976) ("The aim of . . . the

practice of sequestering witnesses. . ., is twofold. It exercises a restraint on witnesses 'tailoring' their testimony to that of earlier witnesses; and it aids in detecting testimony that is less than candid." (citation omitted)).

## IV. CONCLUSION

For the reasons above, Mr. Shapiro's motion *in limine* to exclude recordings of his police station interviews and statements made therein, ECF No. 152 and 154, is **DENIED** as moot without prejudice to renewal.

The Government's motion *in limine* to exclude evidence and arguments of Mr. Shapiro's conditions is **DENIED** as moot without prejudice to renewal at trial.

The Government's motion *in limine* to exempt FBI Special Agent Lisa MacNamara from sequestration **is DENIED** as moot, however, the Government's motion to sequester defense witnesses not exempted under Rule 615 is **GRANTED**.

**SO ORDERED** at New Haven, Connecticut, this 8th day of November, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE